UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-00073-EHJ

LEANDRA H. SCHROEDER                                                         PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                              DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Leandra H. Schroeder ("Plaintiff")

seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section

405(g).  Both the plaintiff (DN 11) and the defendant (DN 13) have filed a Fact and Law Summary.

Additionally, plaintiff has filed a motion for summary judgment (DN 12) and defendant has filed

a response (DN 13).

The District Judge has referred the case to the undersigned United States Magistrate

Judge (DN 5) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of

Law and Recommendations.  28 U.S.C. Section 636(b)(1)(B).  By Order entered June 10, 2005 (DN

5), the parties were notified that oral arguments would not be held unless a written request therefor

was filed and granted.  No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income payments on October 18, 2002[1] (Tr. 64, 65-67).  Plaintiff alleged that she became disabled on May 15, 2000 as a result of arthritis and clinical depression  (Tr. 65, 72).  Administrative Law Judge Kent R. Blaine ("ALJ") conducted a hearing on May 5, 2004 in Bowling Green, Kentucky (Tr. 344).  The plaintiff was present and represented by attorney Mary Burchett-Bower.  Also present and testifying was William Harpool as a vocational expert (Tr. 344, 369-371).  During the hearing plaintiff amended the alleged onset date to May 15, 2001 (Tr. 354-355).

In a decision dated June 9, 2004, the ALJ found from the medical evidence that plaintiff has bilateral carpal tunnel syndrome and depression, impairments that are "severe" within the meaning of the regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1 (Tr. 20).  Despite finding plaintiff's depression is "severe," the ALJ determined plaintiff has the residual functional capacity to perform a full range of unskilled light work (Tr. 22, 24).   At the fifth step the ALJ relied on Grid Rule 202.21 in the Medical-Vocational Guidelines to find plaintiff is "not disabled" (Tr. 23).  The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term

---

[1]Protective filing date.

2

"disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, ___ U.S. ___, 122 S.Ct. 1265, 1267-1268 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

> 1)    Is the claimant engaged in substantial gainful activity?
>
> 2)    Does the claimant have an impairment or combination of impairments that significantly limits his or her  ability to do basic work activities?
>
> 3)    Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4)    Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5)    Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of

the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges the ALJ's credibility and residual functional capacity findings at the fourth step (DN 11). Then she argues the ALJ's use of the Medical-Vocational Guidelines to find her disabled does not comport with applicable law (DN 11).

The undersigned will address first plaintiff's argument regarding the Medical-Vocational Guidelines. For reasons that will become apparent below, the undersigned will consider this argument in the context of findings the ALJ made at the second through fifth steps in the sequential evaluation process.

At the second step, a claimant must demonstrate that she has a "severe" impairment.

20 C.F.R. § 416.920(a)(4)(ii) and (c); <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).  The regulations define a "severe" impairment as a "medically determinable" physical or mental condition that "significantly limits" the claimant's ability to do one or more basic work activities.  20 C.F.R. §§ 416.920(a)(4)(ii), 416.921, 416.923; Social Security Ruling 96-3p; Social Security Ruling 96-4p.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas.  20 C.F.R. § 416.920a(c)(3).  The four broad functional areas are as follows: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. § 416.920a(c)(3).  The degree of limitation in the first three functional areas is rated according to the following five point scale: none, mild, moderate, marked, and extreme.  20 C.F.R. § 416.920a(c)(4).  The degree of limitation in the fourth functional area is rated according to the following four point scale: none, one or two, three, four or more.  20 C.F.R. § 416.920a(c)(4).  If the degree of limitation in the first three functional areas is found to be "none" or "mild" and the degree of limitation in the fourth area is found to be "none," the mental impairment is considered non-severe, unless the evidence otherwise indicates there is more than a minimal limitation in the claimant's ability to do basic work activities.  20 C.F.R. § 416.920a(d).

At the third step, the degree of limitation ratings for each of the four broad functional areas are used to determine whether a claimant's mental impairment meets or medically equals the severity requirements for one of several mental disorders listed in Section 12 of Appendix 1.  20 C.F.R. § 416.920a(d)(2).  They are referred to as the "B" criteria for the listed mental disorder.  20 C.F.R. Pt. 404, Subpt. P, App. 1, Sect. 12.00.

At the fourth step, the degree of limitation ratings for each of the four broad functional areas are considered in assessing a claimant's residual functional capacity. 20 C.F.R. §§ 416.920a(d)(3), 416.945(a), 416.946. This information is relevant to a determination of what a claimant can still do despite limitations imposed by the mental impairment.

Here, at the second step, the ALJ concluded plaintiff's depression is a "severe" impairment because it imposes a "moderate" degree of limitation in concentration, persistence, or pace.[2] Yet at the fourth step, the ALJ determined all that was necessary to address this limitation was to restrict plaintiff to "unskilled work" (Tr. 22). The testimony of the vocational expert does not support such a finding (Tr. 369-371). Nor does the regulatory definition of "unskilled work." 20 C.F.R. § 416.968(a). Further, while the ALJ believed this determination to be consistent with the assessment of Dr. Bays, he seems to have turned a blind eye to the more restrictive functional limitations expressed by two "highly qualified" State agency psychologists who also reviewed the assessment of Dr. Bays (compare Tr. 22 with Tr. 275-277, 290, 303-305, 318). 20 C.F.R. § 416.927(f). If the functional opinions of the non-examining State agency psychological consultants are consistent with the restrictions set forth in Dr. Bays' assessment, their opinions represent substantial evidence in the record. 20 C.F.R. § 416.927(f); Social Security Ruling 96-6p. While the ALJ is not bound by the functional opinions expressed by these non-examining State agency psychological consultants, he is required to explain the weight he is giving to their functional opinions. 20 C.F.R. § 416.927(d) and (f); Social Security Ruling 96-6p. The ALJ failed to comply with this requirement.

---

[2]The ALJ rated the degree of limitation in the first two functional areas as "mild" and in the fourth area as "none" (Tr. 20). The ALJ rated the degree of limitation in the third functional area as "moderate" (Tr. 20).

At the fifth step in the sequential evaluation process, the Commissioner has the burden of demonstrating there exists a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity. Allen v.Califano, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's impairment imposes only exertional limitations the Administrative Law Judge may rely on the Grid Rules set forth in the Medical-Vocational Guidelines to satisfy this burden. 20 C.F.R. § 416.969; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00; Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1174 (6th Cir. 1990); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). If, however, an impairment imposes a non-exertional limitation severe enough to restrict the claimant's performance of a full range of work at the appropriate residual functional capacity then the Grid Rule merely serves as a framework in the decision making process and the Administrative Law Judge must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 416.966(e), 416.969a(c) and (d); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771-772 (6th Cir. 1987); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-529 (6th Cir. 1981).

A mental impairment such as depression can impose nonexertional limitations. 20 C.F.R. § 416.969a(c). Notably, an example the regulations give of a nonexertional limitation is "difficulty maintaining attention or concentrating." 20 C.F.R. § 416.969a(c)(ii). Here, the ALJ's findings at the second step regarding plaintiff's depression confutes the ALJ's later conclusion that her nonexertional limitation does not significantly affect her ability to perform work at the "light work" level. Furthermore, there is no reliable evidence in the record, such as a vocational expert's opinion or the opinions of the non-examining State agency psychological consultants, that

substantiates the ALJ's conclusion.  <u>Shelman v. Heckler</u>, 821 F.2d 316, 321-322 (6th Cir. 1987) (The Grid Rules cannot be applied in the presence of a nonexertional limitation absent reliable evidence showing the nonexertional limitation would not significantly affect the ability to perform work at the designated exertional level).   In fact, the opinions of the non-examining State agency psychological consultants rebut such a conclusion.  For these reasons the undersigned concludes the ALJ's findings at the fifth step are not supported by substantial evidence and do not comport with applicable law.  The appropriate course of action is to reverse the final decision of the Commissioner and remand with instructions to conduct a new administrative hearing and issue a new administrative decision.

The undersigned is aware that plaintiff has raised additional arguments.  In light of the above, the undersigned concludes it is not necessary to address these arguments.

<u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that pursuant to sentence four of 42 U.S.C. § 405(g) the final decision of the Commissioner be reversed and this case be REMANDED for further proceedings consistent with the conclusions of law set forth above.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984). Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky, 42301.

Copies:        Counsel

9